FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2016 JUN 24 PM 3: 13

UNITED STATES DISTRICT
DISTRICT OF DELAWARE

**16-488**

LaDon Terry-Graham

PLAINTIFF

Vs.

RUSHMORE LOAN MANAGEMENT
SERVICES
    DEFENDANT

VERIFIED CLAIM FOR DAMAGES
JURY TRIAL DEMANDED

COMES NOW LaDon Terry-Graham (hereinafter "Plaintiff") to bring this action against RUSHMORE LOAN MANAGEMENT SERVICES (hereinafter "Defendant") for violation of the Fair Debt Collection Practices Act.

## I. INTRODUCTION

1. This action is being commenced out of the improper and illegal conduct by Defendant in attempt to collect an alleged debt. Defendant is a debt collector defined in 15 U.S.C. section 1692a (6). Plaintiff is a consumer defined in 15 U.S.C. section 1692a (3). Defendant illegally communicated with Plaintiff by failing to comply with 15 U.S.C. section 1692(c). Due to the fact the Defendant had no prior consent to communicate with the Plaintiff, Defendant failed to provide evidence from a court of competent jurisdiction to communicate with consumer Plaintiff. Defendant has not presented Plaintiff with data nor evidence of any alleged debt which can sufficiently discern as an obligation that Plaintiff owe a debt. Defendant has presented Plaintiff with data that is known or evident that it has been acquired through public sources. Defendant sent Plaintiff a dunning notice. The Plaintiff actions before this court is to recover actual damages, cost, fees and expenses incurred by Plaintiff, prior to and during the

pendency of this action. Plaintiff has pursued all of its administrative remedies and those explicitly written in the FDCPA. Defendant has engaged in abuse acts, harassment, invasion of privacy in Plaintiff's private commercial affairs. Defendant should not be in possession of any private commercial instruments or documents belonging to Plaintiff. Instead Defendant is in possession of nonpublic private data and information which has been and could be used against Plaintiff in an abusive fashion. At times relevant to this action Defendant acquired whatever data it has in its possession from a third party and has used that data in its illegal act and conduct towards the Plaintiff. The information and data the Defendant has used in its illegal conduct was obtained by Defendant while the alleged claims of a debt was in default. At all times relevant each of the acts of Defendant included all communications were not given prior written express consent by the Plaintiff or court of competent jurisdiction. Therefore each of the communications are in violation of 15 U.S.C. section 1692(c). Defendant did not have consumer prior consent to communicate with her pertaining a debt. Defendant did not have authority from a court of competent jurisdiction to communicate with Plaintiff.

## II. PARTIES

1. LaDon Terry-Graham is the Plaintiff is this action. Jacqueline Edwards is a consumer as defined in 15 USC 1692a(3) because she is a natural person. Plaintiff is a consumer because she engaged in a consumer transaction in which the subject of the transaction incurred consumer goods for personal, family and household purposes.

2. RUSHMORE LOAN MANAGEMENT SERVICES (hereinafter "Defendant") is a debt collector as defined in 15 USC 1692a(6). Defendant principal place of business is located at 15480 Laguna Canyon Drive, Suite 100, Irvine, CA 92618. Defendant uses the mails and interstate commerce to collect defaulted debts.

### III. JURISDICTION & VENUE

3. Venue for the within action is properly within the jurisdiction of this Court upon the ground, that one Plaintiff resides within this Judicial district of the County of New Castle, Delaware. The court also has jurisdiction pursuant to 15 USC 1692.

### IV. VERIFIED FACTS

4. Plaintiff received a dunning communication from Defendant on or about May 10, 2016. See Exhibit 1

5. Defendant identified its functioning capacity as a debt collector attempting to collect a debt. See Exhibit 1

6. Defendant regularly collects or attempts to collect debts owed to another entity.

7. Defendant sent Plaintiff subsequent communications in the mail identifying itself as a debt collector. See Exhibit 2

8. Plaintiff received communication from Defendant on or about April 22, 2016, May 10, 2016, May 12, 2016, May 13, 2016 and May 13, 2016 without prior written consent from Plaintiff. See Exhibit 2

9. Plaintiff received subsequent communications from Defendant on or about April 22, 2016, May 10, 2016, May 12, 2016, May 13, 2016 and May 13, 2016 without express permission of a court of competent jurisdiction. See Exhibit 2

10. Plaintiff received communications from Defendant on or about April 22, 2016 failing to notify Plaintiff that Defendant is a debt collector. See Exhibit 3

11. As a result Plaintiff has suffered from mental anguish and severe emotional distress and seeks actual damages, cost and statutory damages.

12. Plaintiff asserts that this actions is not an attempt to challenge the validity of the alleged debt or challenge any lower court judgments entered in State court.

13. Plaintiff action is specifically based on the conduct and behavior of Defendant in debt collection efforts.

14. Plaintiff seek the court administrative power to conduct a limited judicial review of Plaintiff enforcement actions taken in compliance with the FDCPA.

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES
### 15 U.S.C. 1692c(a) & 1692e(11)

15. The verified facts set forth in the preceding paragraphs four (4) through fourteen (14) are hereby incorporated by reference.

16. Plaintiff is a consumers as defined in 15 USC 1692a (3).

17. Defendant is a debt collector as defined in 15 USC 1692a (6).

18. Defendant is attempting to collect an alleged debt as defined in 15 USC 1692a (5).

19. All communications to Plaintiff from Defendant on or about April 22, 2016, May 10, 2016, May 12, 2016, May 13, 2016 and May 13, 2016 have been without prior express consent given directly to Defendant from Plaintiff.

20. All communications to Plaintiff from Defendant do not have express permission from a court of competent jurisdiction to communicate with Plaintiff regarding an alleged debt.

21. Upon information and belief Defendant did not have authorization to communicate with Plaintiff which is in violation of 15 U.S.C. section 1692c.

22. Communication mailed from Defendant to Plaintiff on or about April 22, 2016 failed to notify Plaintiff that Defendant is a debt collector.

23. Upon information and belief Defendant failed to notify Plaintiff that Defendant is a debt collector which is in violation 15 U.S.C. section 1692e (11).

## DEMAND FOR REMEDY

WHEREFORE, Plaintiff demands judgment as follows;

    (a)    Statutory Damages of $6,000.00 FDCPA;

    (b)    Actual Damages of $50,000.00 FDCPA;

    (c)    and Award Plaintiff Fees of Cost of This Action

RESPECTFULLY SUBMITTED:

*/s/ LaDon Terry-Graham*
LaDon Terry-Graham, In Propria Persona
224 Remi Drive
Wilmington, DE 19720
215-205-6192

Dated: June 21, 2016